UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC<br>-and-<br>INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO.,<br><br>    Defendant. | Civil Action 6:21-cv-00226-ADA |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**<u>MOTION TO TRANSFER</u>**

3921896.v1

TABLE OF CONTENTS

I. BACKGROUND ..................................................................................................................... 1

   A. HPE IS BASED IN HOUSTON AND HAS CORPORATE OFFICES AND DATA CENTER FACILITIES IN OR AROUND AUSTIN ........................................ 1

   B. THE NDCA IS NOT CLEARLY MORE CONVENIENT .......................................... 2

   C. UNLIKE THE NDCA, THIS COURT HAS FAMILIARITY WITH THE PATENTED TECHNOLOGY AND HAS ALREADY CONSTRUED TWO OF THE PATENTS-IN-SUIT ............................................................................................. 3

II. LEGAL STANDARDS ........................................................................................................... 4

III. ARGUMENT ........................................................................................................................... 5

   A. PRIVATE INTEREST FACTORS .............................................................................. 5

      1. Relative Ease of Access to Sources of Proof ......................................................... 5

      2. Availability of Compulsory Process to Secure Witness Attendance ..................... 7

      3. Cost of Attendance for Willing Witnesses ........................................................... 12

      4. Other Practical Problems ..................................................................................... 13

   B. PUBLIC INTEREST FACTORS ............................................................................... 14

      1. Administrative Difficulties Flowing from Court Congestion .............................. 14

      2. Local Interest in Having Localized Interests Decided at Home .......................... 15

      3. Familiarity with the Law that Governs ................................................................ 15

      4. Conflict of Laws .................................................................................................. 15

# TABLE OF AUTHORITES

**Cases**

*Action Indus., Inc. v. U.S. Fid & Guar. Co.*,
  358 F.3d 337 (5th Cir. 2004) .................................................................................................. 4

*AGIS Software Dev. LLC v. HTC Corp.*,
  No. 2:17-cv-514, 2018 WL 4680558 (E.D. Tex. Sept. 28, 2018) .......................................... 12

*Battle v. Mem'l Hosp. at Gulfport*,
  228 F.3d 544 ........................................................................................................................ 12

*ContentGuard Holdings, Inc. v. Amazon.com Inc.*,
  No. 2:13-cv-1112, 2015 WL 1885256 (E.D. Tex. Apr. 24, 2015) ......................................... 13

*Express Mobile, Inc. v. Atlassian Corp. PLC*,
  No. 6:20-cv-805-ADA, 2021 WL 3355375 (W.D. Tex. Aug. 2, 2021) ......................... 4, 13, 14

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) ......................................................................................... 5, 11

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ............................................................................................... 4

*In re Vistaprint Ltd.*,
  628 F.3d 1342 (Fed. Cir. 2010) ..................................................................................... 3, 5, 13

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir 2008) ................................................................................................ 2, 4

*Intellectual Ventures I LLC et al. v. VMware, Inc.*,
  No. A-19-cv-01075-ADA, Dkt. No. 103 ................................................................................ 14

*Intellectual Ventures II LLC et al. v. VMware, Inc.*,
  No. 1-20-cv-00457-ADA ....................................................................................................... 14

*Lax v. Toyota Motor Corp.*,
  65 F. Supp. 3d 772 (N.D. Cal. 2014) ....................................................................................... 6

*Mascowitz Family LLC v. Globus Med., Inc.*,
  No. 19-cv-672, 2020 WL 4577710 (W.D. Tex. Jul. 2, 2020) .................................................. 7

*Mears Techs., Inc. v. Finisar Corp.*,
  No. 2:13-cv-376, 2014 WL 1652603 (E.D. Tex. Apr. 24, 2014) ........................................... 13

*MicroPairing Techs. LLC v. Toyota Motor Mfg. Texas, Inc.*,
  No. 6:20-cv-01001-ADA, 2021 WL 4526704 (W.D. Tex. Oct. 1, 2021) ................................. 5

*MV3 Partners LLC v. Roku, Inc.*,
   No. 18-cv-308, 2019 WL 10981851 (W.D. Tex. Jun. 25, 2019) ................................................ 6

*Net Nav. Sys., LLC v. Extreme Networks, Inc.*,
   No. 4:14-cv-254, 2014 WL 5465449 (E.D. Tex. Oct. 27, 2014) ............................................. 14

*PersonalWeb Techs., LLC v. NEC Corp.*,
   No. 6:11-cv-655, 2013 WL 9600333 (E.D. Tex. Mar 21, 2013) ............................................... 2

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1982) ................................................................................................................ 4

*Profectus Technology, LLC v. Google, LLC*,
   Case No. 6:20-cv-00101 (W.D. Texas, Waco Division) ........................................................ 15

*Seven Networks LLC v. Google LLC*,
   No. 2:17-cv-442, 2018 WL 4026760 (E.D. Tex. Aug. 15, 2018) ........................................... 13

*Solas OLED Ltd. v. Apple Inc.*,
   No. 6:19-cv-537-ADA, 2020 WL 3440956 (W.D. Tex. Jun. 23, 2020) .................................. 15

*STC.UNM v. Apple Inc.*,
   No. 6:19-cv-428-ADA, 2020 WL 4559706 (W.D. Tex. Apr. 1, 2020) .................................... 11

*USC IP P'ship, L.P. v. Facebook, Inc.*,
   No. 20-cv-555, 2021 WL 860007 (W.D. Tex. Mar. 8, 2021) ......................................... 3, 5, 14

*VLSI Tech. LLC v. Intel Corp.*,
   No. 6:19-cv-254-ADA, 2019 WL 8013949 (W.D. Tex. Oct. 7, 2019) ..................................... 5

Plaintiffs, Intellectual Ventures I LLC and Intellectual Ventures II LLC (together "IV"), respectfully submit this opposition to the motion of defendant, Hewlett Packard Enterprise Company ("HPE"), to transfer this case to the Northern District of California ("NDCA"). For the reasons set forth below, the motion should be denied.

I.   **BACKGROUND**

A.   **HPE IS BASED IN HOUSTON AND HAS CORPORATE OFFICES AND DATA CENTER FACILITIES IN OR AROUND AUSTIN**

In its brief, HPE asserts that it "is in the process of moving its headquarters from NDCA to Houston, Texas." *See* Motion at 2.[1] On its Form 10-K filed with the Securities & Exchange Commission for the fiscal year 2020, however, HPE reported the location of its headquarters as follows:

**HEWLETT PACKARD ENTERPRISE COMPANY**
(Exact name of registrant as specified in its charter)

| Delaware | 47-3298624 |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. employer identification no.) |
| 11445 Compaq Center West Drive, Houston, Texas | 77070 |
| (Address of principal executive offices) | (Zip code) |

**Principal Executive Offices**

Our principal executive offices, including our global headquarters, are located at 11445 Compaq Center West Drive, Houston, Texas, 77070, United States of America ("U.S.").

*See* Ex. A.

HPE also informs the public via its website (www.hpe.com) that HPE's worldwide corporate headquarters is located in Houston:

---

[1] HPE argues that the location of its headquarters does not weigh against transfer because the accused products were designed and developed in the NDCA. Motion at 9 n. 4. As set forth *infra*, as well as a corporate HQ in Houston, HPE has offices and data center facilities in Austin.

1

> WW Corporate Headquarters - Houston, TX -
> United States
> 11445 Compaq Center Drive West
> Houston, Texas 77070

*See* Ex. B, p. 3. HPE employs around 2,600 people at its "largest employment hub" in its Houston headquarters. *See* Ex. C. HPE's CEO issues the company's fiscal reports and other press releases from the Houston headquarters. *See*, *e.g.*, Ex. D, p. 3.

HPE also maintains corporate offices in Austin (within this District) and in the Eastern District (in Plano). *See* Ex. B, p. 4. At its offices Austin, HPE employs myriad engineers, sales people and support staff that enable its alleged infringing activities at that location and are potential witnesses. *See* Ex. E. At its Austin and Houston locations, HPE operates "major product development, services, manufacturing, and lab facilities." *See* Ex. C, p. 1. It is apparent that HPE has made the conscious decision that Texas, including Austin, is a very convenient place in which to do business. With corporate offices and one or more data centers in Austin (and its headquarters in Houston in the Southern District), HPE cannot legitimately argue to this Court that litigating in this District is somehow, inconvenient, unduly expensive, or otherwise objectionable.² Moreover, the fact that HPE is moving to transfer to a district that is not its home forum in Houston also weighs against transfer. *See*, *e.g.*, *PersonalWeb Techs., LLC v. NEC Corp.*, No. 6:11-cv-655, 2013 WL 9600333, at *15-16 (E.D. Tex. Mar 21, 2013) (collecting Federal Circuit cases). HPE's motion to transfer to the NDCA should be denied.

B.  THE NDCA IS NOT CLEARLY MORE CONVENIENT

HPE has the burden of showing that the NDCA is "clearly more convenient" than this District. *See*, *e.g.*, *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n. 10 (5th Cir 2008). This is

---

² HPE generates around $27 billion in worldwide annual revenues. *See* Ex. A, p. 30. HPE has the size, logistical assets and wherewithal to resolve this case here.

2

a "significant burden." *See*, *e.g.*, *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 20-cv-555, 2021 WL 860007, at *1 (W.D. Tex. Mar. 8, 2021). HPE does not dispute that at least half of the private and public factors pertinent to the transfer analysis are neutral. More particularly, HPE asserts that the following factors are neutral: (1) practical problems (Motion at 13); (2) administrative difficulties (*id.*); (3) familiarity with the law (*id.* at 15); and conflicts of law (*id.*). As to the other four factors, HPE's attempts to spin the facts to be "clearly" in its favor should be dismissed.

For example, regarding ease of access to proof, HPE argues that its own documents are located in the NDCA. *See* Motion at 8-9. But, HPE has corporate offices and one or more data centers in Austin. *See*, *e.g.*, Ex. B, G. Notably, HPE fails to argue that the relevant HPE documents exist only in physical format and/or only in the NDCA and/or only on any server in the NDCA. Similarly, HPE's motion fails to identify any particular individual(s) by name in the NDCA that purportedly have knowledge relevant to this case. Instead, HPE provides vague references to unidentified HPE/Aruba/Silver Peak employees. Motion at 4-5. Moreover, HPE ignores the myriad third-party and HPE-employed potential witnesses who reside in this District. As explained below, these potential witnesses are at least as important as those HPE relies upon in the NDCA.

C. UNLIKE THE NDCA, THIS COURT HAS FAMILIARITY WITH THE PATENTED TECHNOLOGY AND HAS ALREADY CONSTRUED TWO OF THE PATENTS-IN-SUIT

Per the Federal Circuit, "judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). Thus, "the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh ***heavily*** in favor or against transfer." *Express Mobile, Inc. v.*

3

*Atlassian Corp. PLC*, No. 6:20-cv-805-ADA, 2021 WL 3355375, at *8 (W.D. Tex. Aug. 2, 2021) (citation omitted) (emphasis added). HPE's motion ignores that this Court already has familiarity with the patented technology and two of the patents asserted in this case. As set forth *infra*, the '818 patent and the '464 patent asserted against HPE in this case have also been asserted by IV against VMware, Inc. ("VMware"). This Court conducted *Markman* hearings and issued claim construction rulings with respect to both of these patents in the VMware cases. No judge in the NDCA has any familiarity with any of the patents asserted in this case. This weighs heavily against transfer. *Id*

## II.   LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a case "[f]or the convenience of parties and witnesses" to "any district or division where it might have been brought or to any district or division to which all parties have consented." Motions to transfer in patent cases are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). If the proposed transferee forum is one wherein the action "might have been brought," "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity

4

of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Volkswagen I*, 371 F.3d at 203. The plaintiff's choice of forum must be respected in considering the moving party's burden to show that the proposed transferee forum is "clearly more convenient." *In re Vistaprint*, 628 F.3d at 1346.

### III. ARGUMENT

HPE has not shown that the NDCA is "clearly more convenient" that this District.[3]

#### A. PRIVATE INTEREST FACTORS

##### 1. Relative Ease of Access to Sources of Proof

"This factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence." *In re Apple Inc.*, 979 F.3d 1332, 1339 (Fed. Cir. 2020).[4] As set forth above, HPE's headquarters is in Houston, and it maintains a large corporate presence in Austin, Texas. The modern reality is that documents can be electronically transferred to, and downloaded at, a party's location away from its headquarters. *See*, *e.g.*, *MicroPairing Techs. LLC v. Toyota Motor Mfg. Texas, Inc.*, No. 6:20-cv-01001-ADA, 2021 WL 4526704, at *2 (W.D. Tex. Oct. 1, 2021); *see also VLSI Tech. LLC v. Intel Corp.*, No. 6:19-cv-254-ADA, 2019 WL 8013949, at *3 (W.D. Tex. Oct. 7, 2019). HPE is a global, high-tech corporation with the ability to assist customers with setting up document storage and production facilities almost anywhere. According to HPE's Chief Executive Officer, HPE can make data work anywhere:

---

[3] IV does not dispute that this case could have been brought in the NDCA.
[4] In this section of its brief, HPE asserts that "[m]ost HPE witnesses" are located in the NDCA. Motion at 9. The location of witnesses, however, is not relevant to the ease of access to sources of proof. *See*, *e.g.*, *USC IP v. Facebook*, 2021 WL 860007, at *3.

5

> "At HPE, we're ushering in a new era: the Age of Insight, where we make all your data work for you, wherever it lives. This era will lead to services and products we can't yet imagine, and it will generate discoveries that elevate the greater well-being of every human on this planet."

*See* Ex. F.  Therefore, to the extent any documents are not already there, HPE will have no problem downloading documents at its offices within this District in Austin and at its new headquarters in Houston, Texas.  *Cf. MV3 Partners LLC v. Roku, Inc.*, No. 18-cv-308, 2019 WL 10981851, at *2 (W.D. Tex. Jun. 25, 2019); *see also Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 781 (N.D. Cal. 2014) ("where electronic discovery is the norm (both for electronic information and digitized paper documents), ease of access is neutral given the portability.  HPE does not argue otherwise.  The balance thus falls in IV's favor on this issue.

Further, HPE does not state that its relevant documents are located only within, or even within, its facilities in the NDCA.  The only reference to the location of documents in the declarations submitted by HPE is in paragraph 13 of the Perahia Declaration that states as follows:

> 13.   I understand that HPE technical documents related to AirMatch, ARM, or Aruba wireless access points are located primarily with the teams that design, develop and test those products, and those teams are not located in Texas.  I understand that some HPE technical documents belonging to these teams are located on shared drives that can be accessed by HPE employees with appropriate credentials. I understand that any physical documents or devices related to AirMatch Workflow, ARM, or Aruba wireless access points are similarly located with the teams that design, develop and test those products, and those teams are not located in Texas.

*See* Dkt. No. 33-1, p. 3.  Mr. Perahia does not state that the relevant documents are located in, or only in, the NDCA.  Moreover, Mr. Perahia confirms that such documents "are located on shared drives that can be accessed by HPE employees with appropriate credentials." *Id.*  Thus, the documents can be accessed at HPE's corporate offices in Austin.

In addition, records indicate, however, that HPE maintains data center facilities in Austin. *See*, *e.g.*, Ex. G.  It is likely, therefore, that the relevant HPE documents are stored on servers outside the NDCA, and likely on servers in HPE's Austin data center(s).  Accordingly, HPE has failed to meet its burden on this issue. *Cf. Mascowitz Family LLC v. Globus Med., Inc.*, No. 19-cv-672, 2020 WL 4577710, at *2 (W.D. Tex. Jul. 2, 2020) (all reasonable inferences should be drawn, and all factual conflicts resolved, in favor of the non-moving party).

As to third-party documents, HPE identifies Docker, Google/Cloud Native Computing Foundation ("CNCF") and Broadcom as having relevant evidence. Motion at 9.  Of these, Docker has potential witnesses located in this District that will have Docker documentation.  Additionally, Google and Broadcom maintain offices within this District at which they can be subpoenaed to produce documents.[5]  Moreover, as set forth below, HPE has at least 9 customers in this District and elsewhere in Texas at which relevant documents are likely to be located.

2.      Availability of Compulsory Process to Secure Witness Attendance

Many potential witnesses are located within this judicial district and subject to the deposition and/or trial subpoena power of this Court.  HPE has hundreds, if not thousands of potential witnesses working at its corporate offices in Austin.  According to linkedin.com, as of October 19, 2021, there are at least 180 named employees currently working at HPE's corporate offices in Austin. *See* Ex. E.  The functions these employees perform run the gamut of HPE's business: General Counsel, Electrical Engineering, Firmware Engineering, Network Engineering, Software Engineering, IT Solutions, IT Development, Greenlake Cloud Services Director,[6]

---

[5] Google has an office at 500 W 2d Street, Austin, Texas. *See* about.google/intl/locations/. Broadcom has an office at 2901 Via Fortuna Drive, Austin, Texas. *See* broadcom.com/company/contact.

[6] Greenlake is an accused product. *See* Motion at 4.

7

Cloud Architect, Program Managers, Business Managers, Sales, Marketing, Advertising.[7]
Moreover, as asserted in IV's Infringement Contentions, IV alleges that HPE's data center products used in HPE's data center(s) in Austin infringe four of the patents-in-suit. *See* HPE Ex. B (Dkt. No. 33-5), pp. 22-23, 90, 169-70, 195-97.  Employees running the data center(s), therefore, have knowledge relevant to infringement.  As they are located in Austin, these witnesses are subject to the compulsory process powers of this Court.[8]

Also, among HPE's identified customers in Texas that are potential witnesses in this case are:

> Tyler ISD (Ex. I);
> Skyhawk Chemicals (Ex. J);
> American Airlines (Ex. K, pp. 4-5);
> CPS Energy (*Id.*, p. 21);
> GameStop (*Id.*, p. 31);
> Mary Kay (*Id.*, p. 49);
> National Instruments (NI) (*Id.*, p. 53);
> RetailMeNot (*Id.*, p. 68);
> Texmark Chemicals (*Id.*, p. 79);

These entities are also subject to compulsory process here.

Ginning up additional potential third-party witnesses, HPE argues that it obtains WiFi 6 chipsets relevant to one Count (VII) of the Amended Complaint from Qualcomm (based in the Southern District of California) and from Broadcom (based in the NDCA). *See* Motion at 5-6, 10.  HPE does not identify any witness by name.  HPE also ignores the fact that Qualcomm has

---

[7] Similarly, according to glassdoor.com, as of October 14, 2021, these Austin-based HPE employees include at least 471 Hardware Engineers, Software Engineers, IT Developers, System Architects, Business Analysts, Product Managers, Project Managers, Marketing Managers, Sales Managers, Sales Engineers, Financial Analysts, Business Analysts and Financial Planners. *See* Ex. H.  These witnesses are also subject to the compulsory process powers of this Court.

[8] As shown in Ex. E, around 25-30 named former employees of HPE also reside in the Austin area.  These potential witnesses are also subject to compulsory process here.

an office at 9600 N. Mopac, Stonebridge Plaza, Austin. *See* Footnote 6 above.  Likewise, according to Broadcom's website, Broadcom has an office at 2901 Via Fortuna Drive, Austin, Texas. *See id.*  Thus, this Court has full subpoena power over the engineers, marketing and other Qualcomm and Broadcom employees at these Texas facilities.  The NDCA is not "clearly more convenient" for these Austin-based witnesses.

HPE argues that Aruba/Silver Peak products are relevant to Count V. *See* Motion at 4-5. Aruba, an HPE company, has an office in this District (San Antonio) and reportedly 124 employees working in all of Texas, of which 30 or so work in this District. *See* Exs. L, M.  These witnesses will have knowledge relevant to the claims in this case; to wit Count V. Notwithstanding that HPE acquired Aruba and Silver Peak, HPE does not identify any witness by name.  Instead, HPE attaches to the Jenkins Declaration lengthy lists of 160 or so unnamed employees working worldwide on 3PAR (HPE Ex. N) and 287 or so unnamed worldwide employees of Silver Lake (HPE Ex. O).  Notably, at least 8 of the listed 3PAR employees are described as engineers working in Texas and at least 20 of the listed Silver Lake employees are described as sales and technical teleworkers who reside in Texas.  Thus, irrespective of the additional employees in the NDCA, this Court has compulsory process power over the Texas-based employees listed by HPE as potential Texas-based witnesses in this case.

As to third-parties, HPE refers to unidentified "witnesses who work for Docker, Inc." in the NDCA. Motion at 10.  According to Docker, however, all of its offices are now permanently closed and it is now a fully remote company. *See* Ex. N, p. 3 ("there is no turning back for Docker, Inc. . . . we will stay remote-first.  All of our offices are closed and will remain so"). Moreover, Docker has an employee presence in this District, as shown below:



*See* Ex. O.  Other Texas-based Docker employees listed on linkedin.com include Peter McKee (Austin), Katherine Speer (Austin) and Travis Farris (Dallas-Fort-Worth). *See id*.  These Docker employees are subject to compulsory trial and/or deposition process in this District.  In contrast, HPE has not named any Docker witnesses in the NDCA.

HPE also argues that Google witnesses knowledgeable regarding the Kubernetes software (partially developed by Google) reside in the NDCA. *See* Motion at 3-4.  However, according to linkedin.com, Google also has employees knowledgeable regarding Kubernetes that work at Google's offices in Austin, namely: John Wood, William Beason, Kevin Grigsby and Nolan Corcoran. *See* Ex. P.  HPE does not name any such knowledgeable Google witnesses in the NDCA.  In addition, HPE states that Kubernetes is now maintained by the CNCF that is based in San Francisco. *See* Motion at 3-4.  HPE neglects to mention that the Chief Technology Officer of CNCF, Chris Aniszyk, is located in Austin and two other CNCF employees live in Texas, one in this District (Libby Schulze in San Antonio; DeVauna Lee Bolar in Houston). *See* Ex. Q.  HPE does not name any CNCF witnesses in the NDCA.

As also HPE argues, this case involves Broadcom and Qualcomm chipsets that operate in accordance with the WiFi 6 standard. *See* Motion at 5. These chipsets are certified as WiFi 6-compliant by the WiFi Alliance. *See* Ex. R, p. 1 ("Certification means that a product has been tested in a variety of ways to validate interoperability with other WiFi CERTIFED equipment"). Broadcom and Qualcomm are members of the Alliance. *See* Ex. S. The WiFi Alliance is based in Austin and is intimately familiar with the operation and interoperability of the chipsets supplied by Broadcom and Qualcomm and will be a source of valuable, independent technical information in this case. *See STC.UNM v. Apple Inc.*, No. 6:19-cv-428-ADA, 2020 WL 4559706, at *4 (W.D. Tex. Apr. 1, 2020); *see also In re Apple Inc.*, 818 Fed. Appx. 1001, 1004 (Fed. Cir. 2020). This Court has compulsory process power over these above-identified additional Texas-based persons and entities.

Finally, HPE argues that the location of the inventors favors transfer because 6 of the 20 inventors are in the NDCA whereas 3 reside in this District. Motion at 11. HPE ignores the fact that (according to HPE's own research) a fourth inventor (Jeff Lawson) lives in Houston, Texas. *See* HPE Ex. A (Dkt. No. 33-4). HPE also ignores the locations of the other US-based inventors, 5 of which live in New England or New York. *Id.* For purposes of the Fifth Circuit's 100-mile rule,[9] these witnesses are all located closer to this District than to the NDCA.[10] Thus, the location of the inventors as a whole is neutral.

---

[9] HPE invoked the 100-mile rule regarding its Utah-based HPE declarant Eldad Perahia. *See* Motion at 12 n. 5.

[10] Of the remaining inventors, two live outside the U.S., two cannot be located, and one is deceased. *See id.*

11

In any event, in accordance with the Fifth Circuit's endorsement thereof, IV is satisfied to use videotaped deposition testimony of the party- and non-party witness located in the NDCA at trial of this case in this Court. *See Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 554 (a videotaped deposition "allows jurors to gauge the witness's attitude reflected by his motions, facial expressions, demeanor and voice inflections"). Thus, for IV, this Court's trial subpoena power will not be an issue for the NDCA witnesses (if any) that will testify at trial in this District.[11]

        3.      <u>Cost of Attendance for Willing Witnesses</u>

HPE argues that the Docker, Google/CNCF, Qualcomm and Broadcom employees should be considered in its discussion of both compulsory process and the attendance of willing witnesses factors. *See* Motion at 10 and 12-13. Such attempts at double-counting witnesses are improper in the transfer analysis. *See*, *e.g.*, *AGIS Software Dev. LLC v. HTC Corp.*, No. 2:17-cv-514, 2018 WL 4680558, at *8 (E.D. Tex. Sept. 28, 2018) ("factors do not permit a single source of proof or witnesses to be 'double-counted'"). These witnesses should only be considered under one factor. As HPE addressed these witnesses under the compulsory process factor, they cannot be considered for a second time under the cost of attendance of willing witnesses factor. *Id.*[12]

HPE also argues that "[a]lthough HPE does have offices in Texas, including in Austin, no ***known*** witnesses work in those offices, and none of the accused products or features were

---

[11] HPE does not assert that videotaped deposition testimony of NDCA-based witnesses would be inadequate at trial.

[12] The only individual identified by HPE under this factor is its employee-declarant Mr. Perahia who resides in Utah. *See* Motion at 12 n. 5. HPE argues that Utah is closer to the NDCA than it is to this District. *Id.* HPE could have used an employee-declarant from one of its closer HPE locations here in Texas. Clearly, HPE cherry-picked Mr. Perahia.

12

developed in Texas." Motion at 12 (emphasis added).  Given that HPE's headquarters is in Houston and HPE has a large corporate presence in Austin at which sales, marketing and engineering personnel are employed as detailed above, IV believes that (contrary to HPE's arguments) multiple witnesses with relevant knowledge are located at these facilities in Austin and Houston.  Moreover, courts have cast doubts regarding transfer movants that submit artfully prepared supporting declarations regarding the location of relevant evidence. *See*, *e.g.*, *Seven Networks LLC v. Google LLC*, No. 2:17-cv-442, 2018 WL 4026760, at *4 (E.D. Tex. Aug. 15, 2018); *see also ContentGuard Holdings, Inc. v. Amazon.com Inc.*, No. 2:13-cv-1112, 2015 WL 1885256, at **7-8 (E.D. Tex. Apr. 24, 2015), *mandamus denied*, 650 Fed. Appx. 771 (Fed. Cir. 2015).[13]  As detailed above, there are hundreds of employees of HPE based in Houston and Austin, including engineers, sales and marketing personnel, who it can reasonably be inferred will likely have knowledge relevant to the issues disputed in this case. *Mascowitz Family v. Globus Med.*, 2020 WL 4577710, at *2 (all reasonable inferences should be drawn, and all factual conflicts resolved, in favor of the non-moving party).

    4.    <u>Other Practical Problems</u>

HPE also argues that there are "no practical problems that weigh against transfer here". *See* Motion at 13.  IV disagrees.  "[J]udicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Vistaprint*, 628 F.3d at 1346; *see also Express Mobile v. Atlassian*, 2021 WL 3355375, at *8 ("existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer").  This Court already has invested substantial efforts in familiarizing

---

[13] The cost of food and lodging are substantially less in Texas than in the NDCA. *See*, *e.g.*, *Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-cv-376, 2014 WL 1652603, at *3 (E.D. Tex. Apr. 24, 2014).

itself with the patented technology involved herein. Two of the patents-in-suit are U.S. Patent Nos. RE 44,818 ("the '818 patent") and 6,818,464 ("the '464 patent). The Court previously conducted *Markman* hearings and issued claim constructions for both of these patents. On December 4, 2020, the Court construed the '818 patent in *Intellectual Ventures I LLC et al. v. VMware, Inc.*, No. A-19-cv-01075-ADA, Dkt. No. 103. *See* Ex. T. On September 20, 2021, the Court provided preliminary constructions for the '464 patent in *Intellectual Ventures II LLC et al. v. VMware, Inc.*, No. 1-20-cv-00457-ADA. *See* Ex. U. Thus, the Court has already devoted significant time and resources regarding these two patents. This weighs heavily against transfer. *See*, *e.g.*, *Net Nav. Sys., LLC v. Extreme Networks, Inc.*, No. 4:14-cv-254, 2014 WL 5465449, at *5 (E.D. Tex. Oct. 27, 2014) (the Court's "extensive prior experience with the patents-in-suit" and having "conducted a *Markman* hearing and issued a claim construction order," considering the "complexity of the technology involved," "weighs heavily against transfer.")[14] In contrast, no judge in the NDCA has any experience with the IV patents at issue in this case. Accordingly, this factor weighs heavily against transfer in this case.

B.    PUBLIC INTEREST FACTORS

    1.    Administrative Difficulties Flowing from Court Congestion

HPE argues that this factor is neutral. Motion at 14. IV disagrees. As this Court recently determined in *Express Mobile v. Atlassian*, the time to trial in this District is much shorter than in the NDCA should the case be transferred. After reviewing recent data including trials during the COVID-19 pandemic, the Court found that "the time to trial for patent cases in this Division is

---

[14] HPE also argues that no practical problems weigh against transfer because "[t]he case is in its early stages, with discovery stayed and more than 60 days remaining until the scheduled claim construction hearing." Motion at 13. As this Court has stated, however, "there is no [] implication that because a case is in its early stages, that a transfer of venue is supported." *USC IP v. Facebook*, 2021 WL 860007, at *4.

14

almost twelve months shorter on average than in the NDCA." *Express Mobile v. Atlassian*, 2021 WL 3355375, at **9-10. For example, the recent case of *Profectus Technology, LLC v. Google, LLC*, Case No. 6:20-cv-00101 (W.D. Texas, Waco Division) was filed February 10, 2020 and began trial on September 30, 2021 with a jury verdict on October 6, 2021. Accordingly, this factor likewise weighs heavily against transfer in this case.

    2.    <u>Local Interest in Having Localized Interests Decided at Home</u>

"Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206. Between them, HPE's headquarters in Houston and large office locations in and around Austin house thousands of HPE employees. *See supra*. Also, real estate tax records show that HPE owns real and personal property assessed at around $50 million in Travis and Williamson counties. *See* Ex. V. Moreover, as set forth above, IV believes that HPE maintains data center facilities in or around Austin at which infringing activity is ongoing. *See* Ex. G. HPE's massive, voluntary presence here gives Texas a substantial interest in this litigation. *See*, *e.g.*, *Solas OLED Ltd. v. Apple Inc.*, No. 6:19-cv-537-ADA, 2020 WL 3440956, at *7(W.D. Tex. Jun. 23, 2020).

    3.    <u>Familiarity with the Law that Governs</u>
    4.    <u>Conflict of Laws</u>

The parties agree that these two factors are neutral. Accordingly, they do not weigh in favor of transfer.

**IV.    CONCLUSION**

For the foregoing reasons, HPE's motion to transfer should be denied.

15

Dated: October 22, 2021.                    Respectfully submitted,

                                              */s/Derek Gilliland*
                                              State Bar No. 24007239
                                              **SOREY & GILLILAND, LLP**
                                              133 E. Tyler St.
                                              Longview, Texas 75601
                                              Tel: (903) 230-5600
                                              derek@soreylaw.com

                                              Paul J. Hayes
                                              phayes@princelobel.com
                                              Matthew D. Vella
                                              mvella@princelobel.com
                                              Robert R. Gilman
                                              rgilman@princelobel.com
                                              Jonathan DeBlois
                                              jdeblois@princelobel.com
                                              Thomas Fulford
                                              tfulford@princelobel.com
                                              **PRINCE LOBEL TYE LLP**
                                              One International Place, Suite 3700
                                              Boston, MA 02110
                                              Tel: (617) 456-8000

                                              COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

     I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 22, 2021.

                                              */s/Derek Gilliland*