**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| Intellectual Ventures I LLC and<br>Intellectual Ventures II LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Hewlett Packard Enterprise Co.,<br><br>    Defendant. | Civil Action No. 6:21-cv-226<br><br>JURY TRIAL DEMANDED |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S REPLY IN
SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C.
§ 1404(a)**

## **TABLE OF CONTENTS**

**Page**

II.   INTRODUCTION ........................................................................................................... 1

III.  ARGUMENT .................................................................................................................. 1

    A.   The Private Interest Factors Favor Transfer to NDCA .......................................... 1

        1.   Relative Ease Of Access To Sources Of Proof Strongly Favors NDCA ................................................................................................................ 1

        2.   Availability of Compulsory Process Strongly Favors NDCA ................... 2

        3.   Attendance of Willing Witnesses Strongly Favors NDCA ........................ 4

        4.   "All Other Practical Problems" Factor Is Neutral Or Slightly Favors Transfer ........................................................................................... 5

    B.   Public Interest Factors Favor Transfer to NDCA ................................................... 5

IV.   CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple, Inc.*,
  581 F. App'x 886 (Fed. Cir. 2014) ...................................................................................... 3

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) .......................................................................................... 4

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (Fed. Cir. 2021) .......................................................................................... 5

*In re Toyota Motor Corp.*,
  747 F.3d 1338 (Fed. Cir. 2014) .......................................................................................... 4

*In re Verizon Business Network Services, Inc.*,
  635 F.3d 559 (Fed. Cir. 2011). Case No. 1:20-cv-00457 ................................................... 5

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ............................................................................................. 5

*XY, LLC v. Trans Ova Genetics, LC*,
  No. W-16-CA-00447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ........................... 1

**Rules and Statutes**

28 U.S.C. § 1404(a) .................................................................................................................. 1

**I.      INTRODUCTION**

HPE's opening brief establishes that NDCA is clearly a more convenient venue than this District, because the sources of proof are concentrated in NDCA. Plaintiffs' opposition fails to rebut this central premise—that the majority of HPE and third-party witnesses with relevant knowledge of accused features are located in NDCA and not in this District. Instead, IV points generally to HPE's operations in Texas and identifies individual employees with no direct connection to the accused features at issue in this case. Through public information, IV also identifies third-party entities and individuals that appear to reside in Texas without any assessment of their relevance to this case or likelihood that they would testify at trial. For example, IV identifies as "potential witnesses" various HPE customers throughout Texas such as the Tyler Independent School District, when HPE has customers in NDCA and elsewhere. And IV strenuously argues that HPE cannot claim this District is inconvenient based upon a purported HPE data center in Austin, when public records show HPE sold that data center years ago.

In sum, HPE has general connections to Texas, but that is not the test for transfer. In this case, the sources of proof are not concentrated in this District. Because NDCA is the clearly more convenient venue *for this case*, HPE requests transfer pursuant to 28 U.S.C. § 1404(a).

**II.     ARGUMENT**

    **A.    The Private Interest Factors Favor Transfer to NDCA.**

        **1.    Relative Ease Of Access To Sources Of Proof Strongly Favors NDCA.**

"In determining the ease of access to sources of proof, the Court will look to the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017). As stated clearly in the Motion, all of the accused product features, whether developed by HPE or third parties, were developed primarily in NDCA and not in Texas. *See*

1

Motion at 3-6; *see also* Declaration of Chris Del Signore ("Del Signore Decl.") at ¶¶ 6-8 & 10. That fact that some documents may be accessible electronically in Texas does not outweigh the fact that the relevant documents are known to be located in NDCA.

IV wrongly claims that "HPE maintains data center facilities in Austin." Response at 7. IV cites to excerpts from the Travis County Tax Office website (Response, Ex. G) to support its claim, pointing out two addresses as alleged "data centers": 3301 Hibbetts Rd., Austin, TX and 3302 Hibbetts Rd., Austin, TX. But public records from the Travis County Central Appraisal District show that HPE sold the property at 3301 Hibbetts Rd. (which is the same as 3301 Ed Bluestein Blvd.) to DXC Technology Services, LLC in 2018, which was subsequently sold by DXC to SDC-Austin LLC earlier this year. Ex. A. Similarly, there is no data center located at 3302 Hibbetts Rd., as evidenced by the public records showing no on-site improvements and assessing the market value of that property at a mere $156 dollars. Ex. B. HPE does not have any data centers in Austin.

Regarding third-party sources of proof, IV simply identifies (1) Docker employees who happen to live in this District based on public LinkedIn profiles and (2) non-headquarters offices of Google and Broadcom in this District. IV assumes that <u>any</u> employee of these third parties who resides in this District would have access to relevant sources of proof, but that is mere speculation. As explained in the Motion, the relevant third-party technologies, including Docker, Kubernetes, and the Qualcomm and Broadcom chips, were developed in NDCA, and HPE interacts with their third-party employees located in NDCA. *See* Motion at 3-6; Perahia Decl. at ¶ 9.

### 2.    Availability of Compulsory Process Strongly Favors NDCA.

IV's response focuses on HPE's new Houston headquarters and suggests that any one of HPE's Houston employees could be plucked from their office and made a relevant witness. HPE is proud of its connections to Texas and its growing presence in Houston. But in this particular case, the HPE witnesses and third-party witnesses with information relevant to the accused features

are overwhelmingly located in NDCA and not in this District. *See* Motion at 3-6; Perahia Decl. at ¶ 6-10; Del Signore Decl. at ¶ 6, 10, & 11. That HPE has employees in Austin and Houston that work on unaccused product features is irrelevant, especially in light of the many third-party witnesses located in California that did work on the accused product features. *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (this factor "will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue").

IV points to a list of LinkedIn profiles of various HPE employees that IV could find in Texas, but IV fails to explain why the Court should assume those employees have relevant knowledge. In an attempt to make their listing of HPE employees appear less random, IV alleges, without support, that a "Greenlake Cloud Services Director" resides in Austin and claims that "Greenlake is an accused product." Response at 7 & n.6. But Greenlake is a leasing model offered by HPE, not a "product." *See* Ex. C at 5; Ex. D at 1. And the presence of one "Greenlake Cloud Services District Manager"—whose role is marketing and sales, not engineering (See Ex. E)—in this District does not weigh in favor of trying this case in Texas. IV also repeats its mistaken claim that HPE has a data center in Austin; but as explained above, HPE does not have a data center in Austin, so there cannot possibly be any HPE data center employees in Austin. *See* Section II.A.1.

When addressing the convenience of third-party witnesses, IV again randomly selects entities and individuals who appear to have a Texas presence, without any assessment of their relevance to this case or the likelihood that they would be subpoenaed for trial. First, the mere presence of HPE customers in this District does not weigh against transfer. HPE has customers all across the country, including in NDCA. It is not plausible that a witness from Tyler Independent School District in East Texas, for example, would provide unique testimony that other HPE customers in NDCA could not provide. Second, IV's simply pointing to LinkedIn pages of some

Docker employees now located in Texas—none of whom are engineers or otherwise connected to IV's infringement allegations—cannot weigh against transfer. *See* Response at Ex. O (identifying two "Account Executives," a "Head of Developer Relations," and a "Social Media Manager"). Similarly, IV argues that the presence of relevant Broadcom and Qualcomm witnesses in California (Perahia Decl. at ¶ 9) does not matter, because Broadcom and Qualcomm are members of the WiFi Alliance. Response at 11. But Broadcom and Qualcomm—not the WiFi Alliance—designed the accused WiFi chips. The existence of WiFi alliance facilities in this District does not mean that relevant witnesses are here. Rather, HPE performs its WiFi Alliance certification testing in a TÜV Rheinland laboratory located in Pleasanton, California, which is in NDCA. Ex. F.

IV also misapplies the law in reaching its erroneous conclusion that "the location of the inventors as a whole is neutral." Response at 11. In evaluating the compulsory process factor, "[t]he comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums." *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014). In this case, twice as many inventors are located in NDCA as in this District. Accordingly, the locations of the inventors weighs strongly in favor of transfer to NDCA.

### 3. Attendance of Willing Witnesses Strongly Favors NDCA.

Contrary to the EDTX precedent cited by IV, the Federal Circuit regularly considers witnesses in assessing both the compulsory process and witness convenience factors. *See, e.g.*, *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("[A]s noted above [in discussion of witness convenience factor], there is a substantial number of witnesses within the subpoena power of the Northern District of California."). As explained here and in HPE's Motion, the witnesses with relevant knowledge are concentrated in NDCA and not in this District. IV attempts to obscure this fact by listing many HPE employees found in Texas, no matter how irrelevant to this case.

4

### 4. "All Other Practical Problems" Factor Is Neutral Or Slightly Favors Transfer.

Transfer at this early stage does not present meaningful practical problems. This Court's familiarity with two of the seven asserted patents from an unrelated case against VMWare does not "override a compelling showing of transfer." *In re Verizon Business Network Services, Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011). Case No. 1:20-cv-00457 involving the '464 patent (Dkts. 40 and 57), and Case No. 1:19-cv-01075 involving the '818 patent (Dkts. 103 and 109), both settled soon after claim construction.

### B. Public Interest Factors Favor Transfer to NDCA.

All of the public interest factors weigh in favor of transfer or are neutral. First, in light of *Juniper Networks*, IV's purported court congestion argument should not prevent transfer. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021) ("[T]he Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics."). The aggressiveness of a court's scheduling practices is irrelevant. *See id.* ("[W]e have held that it is improper to assess the court congestion factor based on the fact that the Western District of Texas has employed an aggressive scheduling order"). Second, the local interest factor favors transfer, because the accused products were primarily developed in NDCA by HPE employees and third parties located there. *See In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (local interest factor assesses the "factual connection" a case has with the venue). HPE does business in Texas and in this District, but that alone does not make this District a more convenient venue. Finally, the parties agree that the remaining public interest factors are neutral.

### III. CONCLUSION

For the foregoing reasons, in addition to those presented in HPE's Motion, HPE respectfully requests that the Court transfer this case to NDCA.

5

Dated: November 5, 2021

Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna (Bar No. 24043308)
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Telephone: (512) 457-7000
Facsimile: (512) 457-7001
john.guaragna@us.dlapiper.com

Dawn M. Jenkins (Bar No. 24074484)
**DLA PIPER LLP (US)**
1000 Louisiana Street, Suite 2800
Houston, TX 77002-5005
Telephone: (713) 425-8400
Facsimile: (713) 425-8401
dawn.jenkins@us.dlapiper.com

Sean C. Cunningham (*pro hac vice*)
Erin P. Gibson (*pro hac vice*)
Tiffany C. Miller (*pro hac vice*)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
sean.cunningham@us.dlapiper.com
erin.gibson@us.dlapiper.com
tiffany.miller@us.dlapiper.com

Jonathan H. Hicks (*pro hac vice*)
Brent K. Yamashita (*pro hac vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 833.2000
Facsimile: (650) 833.2001
jonathan.hicks@us.dlapiper.com
brent.yamashita@us.dlapiper.com

Peter F. Nelson (*pro hac vice*)
**DLA PIPER LLP (US)**

500 8th Street NW
Washington, D.C. 20004
Telephone: (202) 799.4092
Facsimile: (202) 799.5000
peter.nelson@us.dlapiper.com

Barry K. Shelton (Bar No. 24055029)
**SHELTON COBURN LLP**
311 RR 620, Suite 205
Austin, TX 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com

**ATTORNEYS FOR DEFENDANT
HEWLETT PACKARD ENTERPRISE
COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on November 5, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail on this same date.

*/s/ John M. Guaragna*
John M. Guaragna